**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patricia CASTANEDA MADEROS,
Defendant–Appellant.**

**No. 09–50110.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 2010.*

---

1. Appellant's motion to file a late opening brief is granted, and the brief received on April 15, 2010, is deemed filed.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed June 15, 2010.

Lily Chiao–I HSU, Special Assistant U.S. Attorney, Michael J. Raphael, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gia Kim, Esquire, Deputy Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Patricia Castaneda Maderos appeals from the 46–month sentence imposed following her guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Maderos contends that the district court miscalculated her Sentencing Guidelines range because it counted prior sentences towards her criminal history score pursuant to U.S.S.G. § 4A1.2, rather than as relevant conduct pursuant to U.S.S.G. § 1B1.3. As Maderos acknowledges, this contention is foreclosed. *See United States v. Cruz–Gramajo,* 570 F.3d 1162, 1167 (9th Cir.2009).

Maderos also contends that the district court erred by applying two criminal history points pursuant to U.S.S.G. § 4A1.1(d) because she was not on probation when she illegally reentered the United States.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not err because Maderos was sentenced on a new state conviction before she was found in the United States for purposes of 8 U.S.C. § 1326(a). *See id.* at 1174–75.

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(1). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED** with instructions to correct the judgment.